(66 App. Div. 517.)

PEOPLE ex rel. GUMPRECHT v. KNOX et al., Com'rs.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. MUNICIPAL CIVIL SERVICE RULES—RE EMPLOYMENT—EXAMINATION—NECESSITY—CONDITIONAL APPOINTMENT—RIGHT TO SALARY—MANDAMUS.

Civil service rule 43 provides that persons formerly in the service of the city of New York may be re-employed without examination if such employment was after due certification under the civil service rules or under the civil statutes in force at the time the examinations were held, or, if such persons shall have passed the required examination, but, if it was not subject to these rules or statutes, such person may be re-employed on passing an examination pursuant to these rules. A janitor-engineer of a school house, appointed at a time when such position was not subject to any civil service rules or regulations, resigned, and applied for re-employment. He failed to pass either the physical or mental examination. Pending an appeal from such decision he was reinstated, "subject to the civil service rules and regulations." He then brought mandamus to compel certification of the pay roll on which his name appeared. *Held*, that as he failed to pass the examination, and his reinstatement was conditioned on his complying with the civil service rules, the proceeding would not lie.

2. SAME—VALIDITY OF APPOINTMENT.

Laws 1899, c. 370, § 13 (Civil Service Law), prohibits all appointments in the competitive list not filled by promotion, reinstatement, etc., except from those graded highest in the competitive examination. It excludes persons reinstated from the absolute necessity of a competitive examination, leaving it to the rules to determine when such reinstatement should be allowed. Civil service rule 43 authorizes the re-employment of an employé who has resigned, on his passing an examination, when his original appointment was made at a time when the civil service rules and statutes were not in force. *Held*, that an employé whose appointment was made at a time when the civil service rules were not in force, and who had resigned, could not be reinstated, except under rule 43, and under that rule he must pass the examination required by the civil service rules.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Pauline Gumprecht, as administratrix of Morris Gumprecht, deceased, against Charles H. Knox and others, as commissioners constituting the municipal civil service commission of the city of New York, to compel certification of a pay roll. From an order refusing the writ, relator appeals. Affirmed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Fred Henry Cox, for appellant.
William B. Crowell, for respondents.

INGRAHAM, J. It appears that the relator was in the year 1892 appointed a janitor of grammar school 94 of the city of New

York, and continued in such position until September 14, 1900, when he resigned, which resignation was on the 17th of September duly accepted by the board of education; that in December, 1900, he applied to be re-employed as a janitor-engineer, which application was referred to the municipal civil service commission; that on the 18th of February, 1901, that commission informed the department of education and the relator that a reinstatement would not be legal until the relator had passed an examination for the position of janitor-engineer, based upon rule 43 of the civil service rules and regulations. That rule provides that:

"Any person employed in any position in the service of the city of New York who shall be certified to the commission by the proper authorities to have left such service without fault or delinquency on his part, and to have performed the duties of such employment creditably, may be re-employed in the service of the city in the same position in the same department within one year next following his leaving the service. If such employment was after due certification for the same, under these rules, or under the civil service statutes in force at the time the examinations were held, or if such person shall have passed the examination or attained a place upon the eligible list for such position, such person may be re-employed without further examination. If it was not subject to these rules or to such statutes, such person may be re-employed upon passing an examination pursuant to these rules."

It does not appear that the relator ever passed an examination for the position of janitor-engineer, and the position to which the relator was appointed was not, at the time of his appointment, subject to civil service rules or regulations. This rule having been brought to the attention of the relator and to the department of education, on February 4, 1901, the relator appeared before the civil service commission and submitted to an examination for reinstatement, which examination he failed to pass, receiving 64.60 per cent. on his mental examination; the minimum percentage necessary to qualify being 70 per cent. The relator was also physically examined as prescribed by the rules and regulations, and was rejected. Subsequently the relator appealed to the chief examiner, who dismissed the appeal and affirmed the action of the examiners. Subsequent to this examination, but before the decision on his appeal, and on February 25, 1901, the department of education reinstated the relator in his position, "subject to the civil service rules and regulations"; but as said rules and regulations provided that the relator could not be appointed, except upon passing an examination pursuant to the rules, that appointment could not become effective until the relator had passed such an examination. Notwithstanding the fact that the relator had failed to pass the examination, he entered upon the performance of the duties of the position, and continued in the performance of such duties from the 25th of February, 1900, to the 20th of June, 1901. Upon the relator's name, however, appearing upon the pay roll, the civil service commissioners refused to certify it, whereupon the relator made this application for a mandamus compelling them to make such certification. Subsequent to the commencement of this proceeding it seems that the relator died, and his administratrix was substituted as the relator. Upon these facts the court below refused a mandamus.

The question depends upon the construction of rule 43 of the civil service rules of the city of New York. That rule provides for the re-employment of persons employed in any position of the service of the city who have left such service without fault or delinquency on their part, and performed the duties of such employment creditably:

"If such employment [viz. the employment in any position of the service of the city of New York of any person who has left the service and who applies for reinstatement] was after due certification for the same, under these rules [that is, rules established by the civil service commissioners], or under the civil service statutes in force at the time the examinations were held, or if such person shall have passed the examination or attained a place upon the eligible list for such position, such person may be re-employed without further examination."

It must be clear that the decedent does not come within this provision. He never passed an examination for the position of janitor-engineer, and at the time he was appointed to that position it was not subject to any civil service rules or regulations. The rule then provides:

"If it [the employment of the person making the application for reinstatement] was not subject to these rules or to such statutes, such person may be re-employed upon passing an examination pursuant to these rules."

This was clearly the case of the relator. He had passed no examination for the position, nor was the position to which he was originally appointed at the time of his appointment subject to any civil service rules or regulations. Under the rule, therefore, which was the only authority the appointing power had for reinstating the relator in the position from which he had voluntarily resigned, he could not be legally reappointed until he had passed an examination under the civil service rules; and, before any action of the appointing power in regard to the relator's reinstatement was had, he was informed of this rule, and that such an examination was necessary. In compliance with this provision he submitted to an examination, which he failed to pass; and it was after he had thus submitted to an examination, and had notice that he failed to pass, that the appointing power acted, and he received the qualified appointment. That appointment was not absolute, but was subject to the civil service rules and regulations. The reinstatement, therefore, was conditioned upon his complying with the rules, and certainly was not at all effectual for any purpose until he had succeeded in passing the examination which would justify the reinstatement. Counsel for the relator seems to insist that rule 43 was beyond the power of the civil service commissioners, and therefore invalid. But, so far as appears, rule 43 is the only authority which justified the relator's reappointment, and if that rule is invalid the appointment was absolutely void. The provisions of the civil service law in force at the time this appointment was made do not expressly authorize an appointing officer to reinstate an employé who had resigned. Section 13 of the act (chapter 370 of the Laws of 1899) prohibits all appointments in the competitive list not filled by promotion, reinstatement, etc., except from those graded highest in the competitive examination. It excludes those persons reinstated

from the absolute necessity of a competitive examination, leaving it to the rules to determine when such reinstatement should be allowed; and that is done, under rule 43, to which attention has been called. If the reinstatement of this petitioner was made under the act of 1899, and the civil service rules adopted thereunder, it was necessary for him to pass an examination for the position, to entitle him to be reinstated. It seems to be quite clear, therefore, that the relator was not legally appointed, and the court below correctly denied the application.

The order appealed from should be affirmed, with costs. All concur.